NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCES A. BYERS,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1630

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5089, Judge Joseph L. Toth.

---

Decided: November 4, 2020

---

FRANCES A. BYERS, Mead, WA, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Frances A. Byers appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing, on the ground of res judicata, her appeal from the Board of Veterans' Appeals' ("the Board") decision denying her request for enhanced dependency and indemnity compensation ("DIC"). *Byers v. Wilkie*, No. 18-5089, 2019 U.S. App. Vet. Claims LEXIS 1925 (Vet. App. Oct. 31, 2019). Because Byers challenges the Veterans Court's factual determinations, or application of law to fact, we *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Byers is the surviving spouse of Mr. Robert G. Byers, who served on active duty in the Army from 1951 to 1953 and died from cardiac arrest in March 2004. Appx. 1–2. At the time of his death, Mr. Byers had not been awarded service connection for any disability. *Id.* at 2. Following her husband's death, on March 25, 2004, Byers filed a claim for DIC based on her belief that her husband's service contributed to his heart condition. The Department of Veterans Affairs ("VA") initially denied Byers' request but ultimately granted DIC in August 2011 after several years of appeals. *Id.*

Five months later, Byers filed a claim for DIC at an enhanced rate. *Id.* The VA Regional Office ("RO") denied Byers' request. On January 20, 2016, the Board affirmed the RO's decision, holding that the criteria for enhanced DIC had not been shown because Byers' husband was not service connected for any disability at the time of his death and the law precluded a surviving spouse from trying to demonstrate "hypothetical entitlement" to enhanced DIC after a veteran's death. *Id.* Byers appealed to the Veterans Court, where she presented a new argument that her husband's 1994 application for non-service-connected pension actually constituted pending and unadjudicated claims for disability compensation. *Id.* The Veterans Court rejected

Byers' arguments and affirmed the Board's denial on August 4, 2017. *Id.* at 2–3; *see also Byers v. Shulkin*, No. 16-1481, 2017 U.S. App. Vet. Claims LEXIS 1137 (Vet. App. Aug. 4, 2017).

In February 2018, Byers moved for reconsideration by the Chairman of the Board of the Board's January 2016 decision, which was denied in July 2018. Appx. 3. Following the denial of her request for reconsideration, Byers again appealed to the Veterans Court in September 2018. *Id.* On October 31, 2019, the Veterans Court dismissed Byers' appeal as barred by res judicata, observing that the "appeal is the same as the one addressed by the Court in its August 2017 Decision." *Id.* at 4; *see also Byers v. Wilkie*, No. 18-5089, 2019 U.S. App. Vet. Claims LEXIS 1925 (Vet. App. Oct. 31, 2019). Byers timely appealed the Veterans Court's dismissal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id.* § 7292(d)(2).

On appeal, Byers asserts that the Veterans Court's decision involves the "validity or interpretation of a statute or regulation." Appellant's Informal Br. at 1, item 2. However, rather than cite a relevant statute or regulation, Byers argues that the Federal Circuit should "dismiss [r]es [j]udicata" because the 2017 Veterans Court case "was not judged on the merits" and she has "new and material evidence." *Id.* Byers further asserts that a VA employee erroneously filled out a form indicating that her husband was seeking a pension when he had intended to file for

disability compensation.  Byers is presumably referring to her earlier argument that her husband's 1994 application for non-service-connected pension constituted unadjudicated claims for disability compensation, potentially rendering her eligible for enhanced DIC.  Byers requests a remand to the Board and reconsideration of her claim for enhanced DIC.  *Id.* at 1, item 5.

The government responds that we lack jurisdiction over this appeal because Byers' arguments "amount to disputes regarding factual findings or, at most, application of law to facts," which lie beyond this Court's jurisdiction pursuant to 38 U.S.C. § 7292(a).  Appellee's Informal Br. at 10.  Moreover, the government argues that Byers "has not demonstrated any legal error in the Veterans Court's determination that her case is barred by res judicata."  *Id.*

Indeed, Byers does not directly challenge the application of res judicata to her case, which would present a legal issue for de novo review within our jurisdictional reach.  *See Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996).  Instead, she raises factual questions about her case.  We therefore agree.

## CONCLUSION

We have considered Byers' remaining arguments but find them unpersuasive.  For the foregoing reasons, we *dismiss* the appeal.

## DISMISSED

### COSTS

No costs.